Zimmerman, J.,
 

 dissenting. We find ourselves unable to agree with our associates in the disposition of this casé.
 

 
 *573
 
 Section 1345-6 e (1), General Code, in our opinion, means and was intended to mean that an individual, otherwise qualified to receive unemployment benefits, shall not lose his rights thereto by refusing to accept new employment if as an incident or condition of being so employed he would be subject to joining a company union, be denied specific rights and privileges, or be adversely affected in his relations to any
 
 bona fide
 
 labor organization.
 

 Such interpretation of the enactment does not offend constitutional provisions. The classification made in the statute is not unreasonable or arbitrary and is within the power of the General Assembly.
 
 City of Xenia
 
 v.
 
 Schmidt,
 
 101 Ohio St., 437, 130 N. E., 24;
 
 W. H. H. Chamberlin, Inc.,
 
 v.
 
 Andrews, Commr.,
 
 271 N. Y., 1, 2 N. E. (2d), 22, 106 A. L. R., 1519. On this proposition attention is directed to the case of
 
 State, ex rel. King,
 
 v.
 
 Emmons et al., Civil Service Comm.,
 
 128 Ohio St., 216, 190 N. E., 468, wherein Sections 486-10 and 486-13, General Code, as then in force, which gave war veterans preferential treatment in connection with examinations for appointment to positions in the civil service, were approved and held not to be violative of the state or federal constitutions.
 

 Moreover, Section 1345-6 e (1), as we interpret it, operates uniformly throughout the state as to all those it is designed to affect... See
 
 City of Cincinnati
 
 v.
 
 Steinkamp, Trustee,
 
 54 Ohio St., 284, 295, 43 N. E., 490, 492;
 
 Platt, a Taxpayer,
 
 v.
 
 Craig,
 
 66 Ohio St., 75, 79, 63 N. E., 594, 596;
 
 State, ex rel. Yaple,
 
 v.
 
 Creamer, Treas.,
 
 85 Ohio St., 349, 404, 97 N. E., 602, 608, 39 L. R. A. (N. S.), 694.
 

 If Section 1345-6 e (1), General Code, as it now reads, is objectionable and ill advised, the matter is one for presentation to the General Assembly for correction.
 

 
 *574
 
 We are of the opinion that the judgment of the Court of Appeals, approved by all the members of that court, is not erroneous and should therefore be affirmed.
 

 Bell, J., concurs in the foregoing dissenting opinion.